COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


FAIRFAX COUNTY SCHOOL BOARD

v.          Record No. 2527-94-4          MEMORANDUM OPINION*
                                                PER CURIAM
KATHERINE BERG                                  JUNE 6, 1995


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Michael N. Salveson; Hunton & Williams, on brief), for
          appellant.

          (Kathleen G. Walsh; Ashcraft & Gerel, on brief), for
     appellee.


     Fairfax County School Board (employer) contends that the

Workers' Compensation Commission (commission) erred in finding

that (1) Katherine Berg (claimant) sustained a change in

condition related to her October 25, 1990 compensable injury by

accident, and (2) she proved she was entitled to an award of

temporary total disability benefits.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Factual findings of the commission will be upheld on appeal if

supported by credible evidence.  James v. Capitol Steel Constr.

_____
          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In holding that claimant's current disability was causally related to her 1990 compensable injury by accident, the commission accepted the uncontradicted opinion of the treating physician, Dr. Bruce Ammerman. During his deposition testimony, Dr. Ammerman unequivocally stated that the 1990 compensable accident contributed to claimant's current flare-up of back pain, and that the 1993 VCR incident resulted in an aggravation of her underlying disk condition. Although Dr. Ammerman relied primarily on claimant's subjective complaints of pain, he testified that he had no reason to believe that she was exaggerating or fabricating her symptoms. Dr. Ammerman's records and his testimony provide credible evidence to support the commission's findings that claimant's current disability was causally related to the 1990 compensable accident, and that the VCR incident was not a new accident, but rather an aggravation of a pre-existing condition. Therefore, the commission did not err in finding that claimant proved a compensable change in condition. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Employer argues that Dr. Ammerman's opinion should not have been accepted by the commission because, in claimant's testimony,

she denied that the VCR incident occurred. Contrary to employer's contentions, claimant did testify to an incident with a VCR cart while placing a Barney videotape into the VCR. The commission reviewed claimant's testimony and resolved any issue of credibility in favor of claimant. We will not disturb this finding on appeal. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Moreover, even assuming that the VCR incident did not occur, Dr. Ammerman's opinion that the 1990 compensable accident was a cause of claimant's current exacerbation of back pain, constitutes sufficient credible evidence to support the commission's decision.

For the reasons stated, we affirm the commission's decision.

Affirmed.